**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **KELLY M. SMITH,** | ) | |
|     **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.: 12-00187-KD-B** |
| | ) | |
| **COMMUNITY LOANS OF AMERICA,** | ) | |
| **INC.,** *et al.,* | ) | |
|     **Defendants.** | ) | |

**ORDER**

This matter is before the Court the parties' "Joint Motion to Approve Settlement Agreement" (Doc. 30), "Joint Motion to Approve Amended Settlement Agreement" (Doc. 32) and Amended Settlement Agreement (Doc. 35). Upon consideration and for the reasons set forth herein, it is **ORDERED** that the parties' "Joint Motion to Approve Settlement Agreement" (Doc. 30) and "Joint Motion to Approve Amended Settlement Agreement" (Doc. 32) and request for attorneys' fees and costs included therein is **GRANTED.** Therefore, the amended settlement agreement (Doc. 35) is **APPROVED** as a fair and reasonable resolution of a bona fide dispute over *Fair Labor Standards Act* provisions. It is further **ORDERED** that Plaintiff Kelly M. Smith is due to be paid a total of **$27,500.00** as follows: 1) **$4,287.42** for her unpaid wages; 2) **$4,287.42** for liquidated damages); 3) **$425.16** for her breach of contract claims; and 4) **$18,500.00** in attorneys' fees and costs. (Id.) Accordingly, this matter is **DISMISSED WITH PREJUDICE.**

The Court does not retain jurisdiction to enforce the settlement agreement. Entry of a Final Judgment, as required by Lynn's Food Stores, Inc. v.  United States of America, 679 F.2d 1350 (11th Cir. 1982) shall be entered by separate document.

I.      **Background**

Plaintiff Kelly M. Smith ("Plaintiff") initiated this action against Defendants Community

Loans of America, Inc., U.S. Title Loans, Inc., Alabama Title Loans, Inc. and Jodi Ward

("Defendants") for violations of the *Fair Labor Standards Act of 1938*, as amended, 29 U.S.C. §

201 *et seq.,* ("the FLSA") alleging three (3) claims against the Defendant for: 1) willful,

knowledgeable and intentional violations of the FLSA's overtime, straight time and record

keeping requirements; 2) breach of express and implied contracts of employment; and 3) a

declaration that the Defendants violated the FLSA and Plaintiff is a non-exempt employee of

Defendants who is entitled to receive overtime compensation under the FLSA.   (Doc. 1).

Plaintiff sought relief including compensatory damages, statutory liquidated damages,

prejudgment interest, equitable relief, attorney's fees, expert costs and court costs.  (Id.)

The parties reached a settlement of Plaintiff's claims and jointly moved for approval of

the settlement (a copy of which was attached to the original motion).  (Doc. 30).  In so doing, the

parties jointly submitted the following as the agreed upon factual record in this case:

> This action was brought by Kelly M. Smith, a non-exempt employee of Defendant
> Alabama Title Loans, Inc. Plaintiff contends that she regularly worked in excess of forty
> hours per week and that she was not properly compensated for all such time worked.
> (Doc. 1). More specifically, Plaintiff alleges that Defendants failed to compensate her for
> time she alleges to have worked to complete certain "bank runs." Plaintiff also claims to
> have worked overtime hours each week that she was prevented from submitting to her
> employer for compensation. Id. Defendants dispute that Plaintiff performed any work for
> which she was not properly compensated and deny that Plaintiff worked the hours she
> alleges. Further, Defendants have denied all liability herein and dispute Plaintiff's claims.
>
> Plaintiff has, with assistance of counsel, estimated the amount of unpaid wages she is
> due. Plaintiff's initial overtime wages claimed were $9,365.40 plus an additional equal
> amount in statutory liquidated damages. This initial damages estimate was based solely
> upon Plaintiff's recollection, and was made before the production of any records by
> Defendants. Due to the nature of the time for which wages are claimed, there are no
> records that show with precision the amount of allegedly unpaid work. However, after

reviewing certain documents produced by Defendants, including timesheets and leave request forms, Plaintiff reduced her damages estimate. Plaintiff's revised damages estimate, which represents all amounts she would seek to recover at trial on her FLSA claims, is $6,486.44, plus an additional equal amount in statutory liquidated damages. Plaintiff's revised damage estimate for her FLSA claim was calculated as follows:

**A. Overtime Wages:**
i. Off-the-Clock Overtime
        a. March 14, 2009 to July 24, 2009:
        19 weeks x 2 hours per week x $30.00 per hour = $1,140.00

        b. June 25, 2009 to Dec. 31, 2009:
        27 weeks x 2 hours per week x $31.20 per hour = $1,684.80

ii. Bank Runs
        a. Mar. 14, 2009 to July 24, 2009:
        19 weeks x 1 hours per week x $30.00 per hour = $570

        b. July 25, 2009 to June 26, 2010:
        48 weeks x 1 hours per week x $31.20 per hour = $1,497.60

        c. June 27, 2010 to July 9, 2011:
        54 weeks x 1 hours per week x $32.46 per hour = $1,752.84

        d. July 10, 2011 to Oct. 1, 2011:
        12 weeks x 1 hours per week x $33.77 per hour = $405.24
iii. Total Overtime Wages Reduced by Vacation Time
$7,050.48 x .92 (represents 48 weeks out of 52-week year) = $6,486.44

**B. Liquidated Damages:**          **$6,486.44**
**TOTAL FLSA CLAIM:**          **$12,972.88**

Plaintiff also sought attorneys' fees pursuant to the mandatory fee-shifting provision in the FLSA. 29 U.S.C. § 216(b). Defendants have denied that the Plaintiff performed work for the benefit of the Defendants for which Plaintiff was not compensated….
<div align="center">* * *</div>
After arms-length negotiations occurring during and after the Parties exchanged documents and participated in some discovery, the Parties reached an agreement in which both sides compromised their positions. Due to the uncertainties of litigation, disputed facts between the Parties (including which statute of limitations is applicable[1] and amount of hours worked), the difficulty in Plaintiff proving hours worked, Defendants' potential "gap time" defenses, and the benefit to both Parties in avoiding trial and extensive additional discovery such as depositions, the Parties have agreed to settle the matter with the Defendant to pay a compromised amount of unpaid overtime wages calculated as

<div align="center">3</div>

described below.

> [1] A substantial portion of the damages claimed by Plaintiff relate to time allegedly worked before March 14, 2010, i.e., more than two years before the Complaint in this case was filed. To recover these damages at trial, the Plaintiff would be required to prove that the Defendant's alleged violation of the FLSA was willful. See 29 U.S.C. § 255(a); Alvarez Perez v. Sanford-Orlando Kennel Club, Inc., 515 F.3d 1150, 1162-63 (11th Cir. 2008).

(Doc. 30 at 1-5).

Pursuant to the parties' assertions (Doc. 30 at 5 and Doc. 32 at 3-4), Plaintiff will receive **$9,000.00** as follows: 1) **$4,287.42** for Plaintiff's unpaid wage claims; 2) **$4,287.42** for liquidated damages (as an equal amount of Plaintiff's unpaid wage claims); 3) **$425.16** for breach of contract claims.  In addition, Plaintiff shall receive **$18,500.00** in attorneys' fees and costs.  (Id.)  These asserted amounts total **$27,500.00**.  (Id.)

Upon review of the parties' original submissions, the Court ordered additional briefing (Doc. 31) because the submitted amounts did not match the actual terms of the original settlement agreement, which provided that Plaintiff will receive **$27,574.84** as follows: 1) **$4,787.42** for Plaintiff's unpaid wage claims and breach of contract claims; 2) **$4,287.42** for liquidated damages; and 3) **$18,500.00** in attorney's fees and costs (Doc. 30-1 at 2 at ¶2).  Also, the Court ordered further briefing (Doc. 31) because the $4,763.80 amount set forth in the motion as to Plaintiff's total overtime wages (off-the-clock overtime of $982.80 plus banks runs of $1,407.12, $1,928.12 and $445.76) (Doc. 30 at 4) does not match the unpaid wages total which the parties specified in the original settlement agreement, $4,287.42, and there was no explanation for this discrepancy (which would then also change the amount of liquidated damages and the overall total amount).  Moreover, the Court concluded that the parties' proposed settlement agreement contained prohibitive terms: a confidentiality clause and a pervasive

release.  (Doc. 31 at 8-12).  Further, the Court found that it could not approve the $18,500.00 in

attorneys' fees and costs because Plaintiff's counsel failed to provide the Court with sufficient

information for a lodestar analysis, as well as to establish that the fees/costs were negotiated

separately from Plaintiff's FLSA claims.  (Doc. 31 at 12-13).

The parties were granted leave to file an amended settlement agreement as well as

supplemental briefing in order to clarify the discrepancies noted as well as to address the Court's

concerns.  (Doc. 31 at 13-14).  As the parties have now filed an amended settlement agreement

(Doc. 35) and supplemental briefing, the matter is ripe for review.

Notably, in the parties' present motion to approve the amended settlement agreement,

they assert as follows:

> The Settlement Agreement calls for a total settlement of $9,000.00 in wage claims and
> $18,000.00 in attorneys' fees, plus costs of $500.00. The wages represented by the
> settlement were calculated as follows:
>
> **A. Overtime Wages:**
> > i. Off-the-Clock Overtime
> > > a. September 14, 2009 to Dec. 31, 2009:
> > > 15 weeks x 2.1 hours per week x $31.20 per hour = $982.80
> >
> > ii. Bank Runs
> > > a. September 14, 2009 to June 26, 2010:
> > > 41 weeks x 1.1 hours per week x $31.20 per hour = $1,407.12
> > >
> > > b. June 27, 2010 to July 9, 2011:
> > > 54 weeks x 1.1 hours per week x $32.46 per hour = $1,928.12
> > >
> > > c. July 10, 2011 to Oct. 1, 2011:
> > > 12 weeks x 1.1 hours per week x $33.77 per hour = $445.76
>
> Subtotal Overtime Wages (off-the-clock plus bank runs)     **$4,763.00**
>
> Factor representing portion of year worked:[4]                    0.9

---

[4] In their initial Joint Motion, the parties failed to include an important element of how

the wages paid in the settlement agreement were calculated. In arriving at the compromise wage payment, Smith's estimated unpaid hours were multiplied by 0.9 to reflect the undisputed fact that Smith did not work for approximately 10% of the calendar year due to vacation time and other leave.

| | |
|---|---|
| Total Overtime Wages: | **$4,287.42** |
| **B. Liquidated Damages:** | **$4,287.42** |
| **C. Breach of Contract claims and general release** | **$425.16** |
| **Total Payment to Plaintiff:** | **$9,000.00** |

(Doc. 32 at 3-4).

Additionally, the parties assert that they negotiated separately as to the Plaintiff's FSLA claims, from the consideration of attorneys' fees for Plaintiff's counsel, such that Plaintiff's recovery will not be reduced by any portion of the attorneys' fees or costs in this case. (Doc. 30 at 5; Doc. 32 at 4-5). Moreover, the parties jointly agree and propose to the Court that this is a fair and reasonable resolution of a bona fide dispute of the FLSA provisions, as the amount of wages to be paid to Plaintiff represents all amounts that she would be entitled to recover if the 2-year statute of limitations were held to apply, "plus about half of what she would be entitled to recover for the time allegedly worked before March 14, 2010." (Doc. 30 at 1; Doc. 32 at 5). Further, the parties agree and propose that while this case constituted a bona fide dispute over FLSA provisions (whether Plaintiff performed overtime work for which she was not paid, was compensated for time she alleges to have worked at the end of every working day to complete "bank runs," the number of overtime hours she worked for which she was not paid, if any, and the amount of any back pay owed), both sides compromised their positions. (Doc. 30 at 3-4, 6; Doc. 32 at 5). Finally, the amounts set forth in the parties' amended settlement agreement (Doc. 35) now match the amounts set forth in the parties' revised pleadings (Doc. 32 at 3-4) confirming

that Plaintiff will receive a total of **$27,500.00** as follows: 1) **$8,574.84** for Plaintiff's unpaid wage claims (per footnote 1 in the settlement agreement, $4,287.42 for her unpaid wages and an equal amount in liquidated damages); 2) **$425.16** for Plaintiff's breach of contract claims; and 3) **$18,500.00** in attorneys' fees and costs.  (Id.)

## II.    Discussion

This is an FLSA case and the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA in order to approve the settlement.[1]  See, e.g., Lynn's Food Stores, 679 F.2d 1350.

For those reasons set forth in the Court's prior Order (Doc. 31 at 7-8), the Court again restates its prior ruling that: 1) there is a "bona fide dispute" as to whether unpaid wages are owed to Plaintiff; and 2) the parties' compromise appears to reflect a fair and reasonable settlement of Plaintiff's FLSA claim.  Concerning the remaining issues upon which this Court's approval of the parties' settlement agreement depends – the discrepancies in the amounts in the settlement agreement, the presence of the confidentiality clause and pervasive release in the settlement, and the matter of attorneys' fees and costs – the parties have supplemented their filings and amended the settlement agreement, and the Court finds as follows.

### A.    Discrepancies in Amounts

Upon review of the parties' revised pleadings and the amended settlement agreement, the Court is satisfied that the amounts asserted now match the amounts set forth in the amended agreement such that the necessary corrections have been made to the relevant calculations.

---

[1] See, e.g., Silva v. Miller, 307 Fed. Appx. 349 (11th Cir. 2009); Lynn's Food Store, Inc. v. United States, 679 F.2d 1350, 1354-1355 (11th Cir. 1982). See also e.g., *Robert L. Dunagan v. ABBC, Inc.,* CV 11-280-KD-C (Docs. 22, 28); *Jimmy Salter v.  Carlous L. King, et al.,* CV 11-464-KD-M (Docs. 10, 11).

### B.      Scope and Terms of the Settlement Agreement

The parties have revised the terms of the settlement agreement such that the prohibitive provisions in the original agreement -- a confidentiality provision and a pervasive release -- have been removed.   (Doc. 35).   As such, the Court finds the terms of the amended settlement agreement to be appropriate for this FLSA case.   Thus, the Court **APPROVES** the parties' amended settlement agreement (Doc. 35).

### C.      Attorney's Fees & Costs

The FLSA requires that the "court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).   Although Plaintiff and counsel agree that the fees and costs are reasonable, that does not exonerate the Court from its duty to determine the reasonable fees and costs.  Silva v. Miller, 307 Fed. Appx. 349 (11th Cir. 2009).

Plaintiff's counsel originally submitted an Affidavit (Doc. 30-2 at 1-3) and billing records for 115.5 hours of legal services performed by four (4) individuals for a total of $21,201.20 in fees/costs (Doc. 30-2 at 4-21), in addition to asserting that "the parties negotiated an agreement as to the Plaintiff's recovery separately from the consideration of the fees of plaintiff's counsel." (Doc. 30 at 5).   This original submission has been supplement by an additional Affidavit and billing records (Doc. 32-2). The Court's concern with the original submission was that Plaintiff's counsel had not provided the Court with sufficient information for a lodestar analysis and the record appeared to contradict his representation that the settlement of Plaintiff's FLSA claims were negotiated separately from counsel's fees, expenses and costs to avoid any taint in the agreement.

At the outset, with regard to whether the attorneys' fees/expenses matter was negotiated separately from Plaintiff's FLSA recovery, the Court is satisfied that such is the case. Plaintiff's counsel asserts that he insisted during negotiations that the matter of Plaintiff's recovery be negotiated separately from the matter of attorneys' fees. (Doc. 32 at 4-5).

The Court now turns to the specifics of the attorneys' fees and costs/expenses request.

In FLSA actions, the Court relies on the lodestar method for determining the reasonableness of the fees sought. Silva, 307 Fed. Appx. 349 (the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement[]"). See also generally Norman v. Alorica, Inc., 2012 WL 5452196 (S.D. Ala. Nov. 7, 2012); Wolff v. Royal American Mgt., Inc., 2012 WL 5303665 (S.D. Ala. Oct. 25, 2012). In order to determine the reasonableness of the attorney's fees requested, the Court employs the lodestar analysis: the number of hours reasonably expended multiplied by a reasonable hourly rate for similar legal services. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Resolution Trust Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149-1150 (11th Cir. 1993). "Adjustments to that fee then may be made as necessary in the particular case." Blum v. Stenson, 465 U.S. 886, 888 (1984). Redundant, excessive, or otherwise unnecessary hours should not be included in the calculation of hours reasonably expended. Hensley, 461 U.S. at 434. Even when a party prevails, the district court still must determine whether time was reasonably expended, and if it was not, that time should be excluded from the fee calculation. Id. While the "lodestar" method effectively replaced the balancing test previously prescribed by Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-719 (5th Cir. 1974), the 12

Johnson factors[2] "might still be considered in terms of their influence on the lodestar amount." Norman v. Hous. Auth. of the City of Montgomery, 836 F.2d 1292 (11th Cir. 1988).

Plaintiff bears the burden of documenting and proving reasonable hours expended and reasonable hourly rates.  ACLU v. Barnes, 168 F.3d 423, 427 (11th Cir. 1999).  Plaintiff must also supply detailed evidence of the hourly rates and time expended so that this Court may properly assess the time claimed for each activity.  Id.  "When a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." Bivins v. Wrap it Up, Inc., 548 F.3d 1348, 1350 (11th Cir. 2008).

Plaintiff's counsel seeks a total recovery of **$18,500.00 ($18,000.00** in **attorneys' fees** and **$500.00** in **expenses).**  (Doc. 30; Doc. 32).  The basis for Plaintiff's entitlement to such fees and expenses is the parties' settlement agreement.  Additionally, in support, Plaintiff's counsel supplemented his prior motion, his Affidavit, and his law firm's billing records, as well as addresses the lodestar figure and reasonableness of such fees and costs (Doc. 32; Doc. 32-2). Plaintiff's counsel adds that the "agreed-upon fee" (as agreed between the parties) – which differs from the amount and hours billed -- is "within the range of reasonable fees that the Court could, in the exercise of its discretion, award in this case."  (Doc. 32 at 7-8).

1.    Reasonable Rate

---

[2] The factors are as follows: 1) the time and labor required; 2) the novelty and difficulty of the questions; 3) the skill requisite to perform the legal service properly; 4) the preclusion of other employment by the attorney due to acceptance of the case; 5) the customary fee; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or the circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation, and ability of the attorney; 10) the "undesirability" of the case; 11) the nature and length of the professional relationship with the client; 12) awards in similar cases. Johnson, 488 F.2d at 717-719.

As the party requesting fees, Plaintiff has the burden of supplying the Court with specific and detailed evidence from which the Court can determine the reasonable hourly rate for the work performed. Am. Civil Liberties Union of Ga. v. Barnes, 168 F.3d 423, 427 (11th Cir. 1999) (citing Norman, 836 F.2d at 1303). The Eleventh Circuit has instructed that a reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman, 836 F.2d at 1299. In this case, the relevant legal community is Mobile, Alabama. See Barnes, 168 F.3d at 437 (providing that "the 'relevant market' for purposes of determining the reasonable hourly rate for an attorney's services is the place where the case is filed." (citation omitted)).

Counsel requests the following hourly rates: $250/hour for B.Ladd; $250/hour for M.C.Ladd; $225/hour for S.Vitello; and $150/hour for S.Booth. (Doc. 32 at 6). Counsel B.Ladd asserts that he has been practicing 19 years; M.C.Ladd has been practicing 14 years; S.Vitello has been practicing for more than 1 year; and S.Booth charged her time as a paralegal (although she is a fourth-year associate). (Doc. 31 at 6; Doc. 32; Doc. 32-2 at 1-4 (Aff. B.Ladd)).

The Court recently determined $250/hour to be a reasonable rate for an attorney with 15 years of experience. See Vision Bank v. Anderson, 2011 WL 2142786, *3 (S.D. Ala. May 31, 2011). See also Mitchell Co., Inc. v. Campus, 2009 WL 2567889, *1 and *17-18 (S.D. Ala. Aug. 18, 2009) (finding that a reasonable hourly rate for an attorney with 12 years of experience was $225/hour). Additionally, the undersigned and other judges in the Southern District of Alabama have found $150/hour to be reasonable for attorneys with a few years of practice (associates). See, e.g., Gulf Coast Asphalt Co., L.L.C v. Chevron U.S.A., Inc., 2011 WL 612737, *4 (S.D. Ala. Feb. 11, 2011) (finding $145/hour to be a reasonable rate for second-year associate); Adams

v. Austal, U.S.A., L.L.C., 2010 WL 2496396, *6 (S.D. Ala. Jun. 16, 2010) (finding $150/hour to be a reasonable rate for third-year associate); Wachovia Bank, N.A. v. Horizon Wholesale Foods, LLC, 2009 WL 4750358, *4 (S.D. Ala. Dec. 8, 2009) (finding that a $150/hour rate is appropriate for an attorney with 1-2 years experience).   Thus, the requested hourly rates for B.Ladd ($250/hour), M.C.Ladd ($225/hour), and S.Vitello ($150/hour), given their years of experience, are reasonable.

As to the paralegal rate of $100/hour requested for S.Booth, the Court finds as reasonable the requested rate.  In several recent cases, this Court has found $75/hour to be a reasonable rate for paralegal work.  See, e.g., Denny Mfg., 2011 WL 2180358, at *5; Zuffa, LLC v. Al-Shaikh, 2011 WL 1539878, at *9 (S.D. Ala. Apr. 21, 2011); Wells Fargo Bank, N.A. v. Williamson, 2011 WL 382799, at *5 (S.D. Ala. Feb. 3, 2011).  However, Plaintiff's counsel has stated that this "paralegal" is actually a fourth-year associate who simply chose to bill her time as "paralegal work."  (Doc. 32 at 6-7 at footnote 5).  Additionally, this Court, relying on its own expertise, has found that $100/hour represents a reasonable hourly paralegal rate in the Southern District of Alabama.  See, e.g., Wachovia Bank, N.A. v. Horizon Wholesale Foods, LLC, 2009 WL 4750358, *4; Mitchell Co. Inc., 2009 WL 2567889, *19.   Thus, the Court finds that the $100/hour rate requested for S.Booth is reasonable.

2.       Reasonable Hours Expended

In determining whether the number of hours expended are reasonable, the Court should not include any hours which are "excessive, redundant, or otherwise unnecessary." Norman, 836 F.2d at 1301. When awarding an attorney's fee, the "[c]ourts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and

expenses are not awarded as it is to see that an adequate amount is awarded." Barnes, 168 F.3d at 428. The Court will not permit a party to recover fees for hours that are excessive, redundant, or unnecessary, *i.e.*, hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." Norman, 836 F.2d at 1301 (emphasis omitted).

While there is no *per se* rule of proportionality, City of Riverside v. Rivera, 477 U.S. 561, 574 (1986), the Supreme Court has made clear that such could still be considered a factor in determining the reasonableness of a fee request.  "The amount of damages a plaintiff recovers is certainly relevant to the amount of attorney's fees to be awarded under § 1988.... It is, however, only one of many factors that a court should consider in calculating an award of attorney's fees." Id. (citation omitted).  See also Wolff, 2012 WL 5303665, *4-5.  "[I]n light of the disparity between what [P]laintiff claimed and what her attorneys now seek for obtaining the recovery, there is potential for the fee award to become a windfall for [P]laintiff's counsel. FLSA suits are not meant to become a cottage industry divorced from the benefits they provide, and the fees should not shade over from fair play into a punitive measure against defendants who challenge a plaintiff's overtime claim in good faith. The court considers these factors in determining the reduction to be applied to the fees requested in this action."  Id. at 5.  See also e.g., Goss v. Killian Oaks House of Learning, 248 F. Supp. 2d 1162, 1168 (S.D. Fla. 2003) (denying a plaintiff's motion for fees as counsel "seem[ed] to have leveraged a small sum as a stepping-stone to a disproportionately large award of attorney's fees" by seeking almost $16,000 for a $315.89 FLSA claim).

Counsel represents that the individuals working on this case billed a total of **115.5 hours:**

B.Ladd -- 25 hours; M.C.Ladd –11.2 hours; S.Vitello -- 77.4 hours; and S.Booth – 1.9 hours.
(Doc. 32 at 7; Doc. 32-2).  Plaintiff's counsel compromised his fees insofar as he has reduced his
recovery from the amount billed, $20,570.00, to $18,000.00.  (Doc. 32 at 7).  In the original
motion, counsel agreed to reduce his hourly rate from $250/hour to a "blended" $200/hour rate,
as well as to reduce the total hours billed from 115.5 hours to 90 hours.  (Doc. 31 (citing Doc. 30
at 6 and Doc. 30-1 at 3)). In his updated Affidavit, Plaintiff's counsel has not specifically
proposed application of the formerly asserted "blended" rate of $200/hour but instead sets forth
each individual's hourly rate asserting that each are appropriate given their respective years of
experience.  (Doc. 32-2 at 2-4 (Aff. B.Ladd)).  However, given the fees recovery claimed of
$18,000.00 (and because counsel has failed to address the reduction in his hours from 115.5
hours to 90 hours), it appears that counsel simply seeks equal application of the $200/hour
blended rate to all four (4) individuals who billed time on this case, but for only 90 hours.

As such, the Court finds that the 90 hours billed by B.Ladd, M.C.Ladd, S.Vitello and
S.Booth, at what appear to have been billed at an "agreed-upon" and "blended" hourly rate of
$200/hour, are reasonable and recoverable time such that attorneys' fees shall be awarded in the
manner requested by the parties and per the terms of the settlement.

    3.    <u>Costs/Expenses</u>

Plaintiff originally billed $631.20 in expenses for a court filing fee, certified mail,
photocopies, and a process server.  (Doc. 32-2 at 22). Plaintiff now seeks to recover only
**$500.00** in **expenses.**  Defendant has agreed to these (reduced) costs/expenses.  The Court finds
the claimed expenses of $500.00 to be reasonable and recoverable.

**III.**    **<u>Conclusion</u>**

Therefore, for those reasons set forth herein, it is **ORDERED** that the parties' "Joint Motion to Approve Settlement Agreement" (Doc. 30) and "Joint Motion to Approve Amended Settlement Agreement" (Doc. 32) with the amended settlement agreement (Doc. 35) – and including Plaintiff's counsel request for attorneys' fees and costs -- is **GRANTED** such that the FLSA Settlement is **APPROVED.**  It is further **ORDERED** that Plaintiff Kelly M. Smith is due to be paid a total of **$27,500.00** as follows: 1) **$4,287.42** for unpaid wages; 2) **$4,287.42** for liquidated damages); 3) **$425.16** for her breach of contract claims; and 4) **$18,500.00** in attorneys' fees and costs. (Id.) Accordingly, this matter is **DISMISSED WITH PREJUDICE.**

Final judgment as required by <u>Lynn's Food Stores</u>, 679 F.2d 1350, shall be entered by separate document.

**DONE** and **ORDERED** this the **30**th day of **January 2013.**

<div style="margin-left:40%">

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

</div>